IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                     :

NURYS PACHECO ALMONTE                :      CASE NO. 07-03438(SEK)

    DEBTOR                           :      CHAPTER 13
-----------------------------------  :
DORAL BANK                           :

    Movant                           :

      v.                            :

DEBTOR AND THE TRUSTEE,              :

    Respondents                      :
-----------------------------------  :

**FILED & ENTERED**

**APR 1 4 2008**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before us is Debtor's motion to reconsider an order lifting the automatic stay by default in favor of Doral Bank (hereinafter Doral). We grant this motion for the reasons that follow.

Debtor filed bankruptcy under Chapter 13 of the Bankruptcy Code on June 20, 2007 and a plan was confirmed. On January 11, 2008, Doral filed a motion for an order lifting the automatic stay.  Doral alleged debtor incurred in post-petition arrears of $2,784.67 on a mortgage loan encumbering debtor's residence. A hearing was scheduled for February 8, 2008. Debtor failed to answer within the time required, and we entered an order vacating the automatic stay by default on January 29, 2008.[1] On February 4, 2008, debtor filed a motion requesting reconsideration of the order lifting stay under Federal Rules of Bankruptcy Procedure 9023 and 9024.[2] Debtor argues she incurred in arrears on her mortgage because



---

[1] P.R. LBR 4001-1(e).

[2] Paragraph 13 in debtor's motion raises certain allegations under the Real Estate Settlement Procedures Act (RESPA), to argue Doral incurred in creditor misconduct that justifies vacating the stay

2

of a reduction in income due to a reduction in work hours. However, she changed employment and now has a full work schedule, increasing her income to the level she used to earn. She proffered evidence of payment dated January 31, 2008, thereby curing the arrears which served as grounds for terminating the stay. Lastly, she alleges the failure to answer Doral's motion was a mistake on her part, in that she failed to inform her attorney she had the money to cure the arrears in time to answer. Therefore, cause exists to set aside the order. We scheduled the matter for February 12th, and debtor's attorney was not present at the hearing. At that time, we ordered debtor to file a memorandum of law to substantiate its request, addressing the issues concerning reconsideration of an order lifting the automatic stay according to the First Circuit Bankruptcy Appellate Panel ruling in the case of Rodríguez Camacho v. Doral Financial Corp., 361 B.R. 294 (B.A.P. 1st Cir. 2007). Debtor did not comply, however, under the circumstances of this case, debtor's motion to reconsider is sufficient to rule on this matter.

In Rodríguez Camacho, the Panel held that an order lifting the automatic stay may be reconsidered under Federal Rule of Civil Procedure 60(b).[3] It then left to the bankruptcy court to consider whether debtor showed cause to allow the relief requested.[4] Other courts have also held orders lifting the automatic stay may be reconsidered under either Rule



under Rule 60(b)(3). Because we vacate our order on other grounds, we need not address this matter. Furthermore, debtor fails to develop its argument, therefore it is deemed waived. U.S. v. Zannino, 895 F.2d 1 (1st Cir. 1990).

[3] Rodríguez Camacho v. Doral Financial Corp., 361 B.R. 294, 299-300 (B.A.P. 1st Cir. 2007).

[4] Id. at 300.

3

59(e) or 60(b).[5] <u>In re Antell</u>, 155 B.R. 921 (Bankr.E.D.Pa. 1992); <u>In re Johnston</u>, 37 B.R. 361 (Bankr.D.Vt. 1984); <u>In re Jones</u>, 354 B.R. 727 (Bankr.W.D.Pa. 2006).

"The federal courts have consistently stated that a motion ... which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). ... Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." <u>In re Pabón Rodríguez</u>, 233 B.R. 212, 218-19 (Bankr. D.P.R. 1999). Our order lifting the stay was entered on January 29, 2008. Debtor's motion to reconsider was filed on February 4, 2008. Although presented within the time frame of a motion under Rule 59(e), debtor's allegations fall under the grounds of Rule 60(b). Furthermore, Rule 7055 refers to Rule 60(b) as the provision to set aside a default judgment.[6] Therefore, we consider this motion under 60(b). <u>Echevarría-González v. González-Chapel</u>, 849 F.2d 24, 26-27 (1st Cir. 1988).

"[R]elief under Rule 60(b) is extraordinary in nature and ... motions invoking that rule should be granted sparingly. ... Thus, a party who seeks recourse under Rule 60(b) must persuade the trial court,



---

[5] Rules 59(e) and 60(b) are applicable to bankruptcy proceedings pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024.

[6] We do not mean to conclude Rule 60(b) is the only provision available to request relief from a default judgment as this issue is yet to be solved by the First Circuit. *See* <u>Venegas-Hernández v. Sonolux Records</u>, 370 F.3d 183 (1st Cir. 2004).

4

at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp. 288 F.3d 15 (1st Cir. 2002)(citation omitted). *See also*, Rodríquez Camacho v. Doral Financial Corp., 361 B.R. 294, 301 (B.A.P. 1st Cir. 2007).

Here, the motion is timely. Debtor's reduction in income and subsequent change in employment to increase her income is an extraordinary circumstance that explains why debtor defaulted on her mortgage payment. The fact debtor paid the arrears only two days after entry of the order shows debtor is capable of mounting a potentially meritorious claim or defense. Doral has received payment of the arrears, retains its lien on her residence, and there is no claim the realty is diminishing in value. Hence, it cannot be said that the Bank is unduly harmed by this order.

WHEREFORE, we grant Debtor's motion to reconsider, reinstating the automatic stay and rescheduling a preliminary hearing to consider Doral's motion to terminate the automatic stay for April 22, 2008 at 11:00 a.m. in Courtroom #1, located in the U.S. Bankruptcy Court for the District of Puerto Rico, 300 Recinto Sur Street, Old San Juan, P.R.

**SO ORDERED**, in San Juan, Puerto Rico, on April 14, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge